**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| RAY COX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:23-cv-00057-SMD |
| | ) |
| JASON SMOAK, et al. | ) |
| | ) |
|     Defendants. | ) |

**BRIEF IN SUPPORT OF
PARTIAL MOTION TO DISMISS**

COME NOW Defendants Jason Smoak, Catrina Burkhalter-Murry, Mindy Van Arckern, Evelyn McGee, Connie Hinson, Rhonda Rexroate, James Brazier, and Kelita Moore move for dismissal of certain claims[1] in the Complaint under Fed. R. Civ. P. 12(b)(6) based upon the following:

**STANDARD OF REVIEW**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts the well-pled factual allegations as true; in contrast, allegations that are conclusory in nature that lack factual support are not to be credited. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a plaintiff's pleadings, a court can make reasonable inferences in the plaintiff's favor, but it is not required to draw the plaintiff's inferences. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint

---

[1] To the extent an answer is required at this time notwithstanding the filing of this motion, Defendants deny the allegations and liability and respectfully request that the time to answer the remaining allegations be suspended until the Court renders a decision on this motion.

are not accepted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see Iqbal*, 556 U.S. at 681; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007).

Thus, to survive a motion to dismiss, the complaint must contain factual matter sufficient to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply stated, the *Twombly-Iqbal* standard requires the plaintiff to allege enough facts in a complaint to at least "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, in applying the *Twombly-Iqbal* plausibility standard, courts must follow a "two-pronged approach of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, plausibly give rise to an entitlement to relief." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

A portion of Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff's Complaint complains of actions from January 19, 2021, to January 25, 2021.

The Supreme Court has held that the statute of limitations for a 42 U.S.C. § 1983 claim is the forum state's general, or residual, statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Thus, federal courts in Alabama have routinely held that Alabama's general two-year statute of limitations applies to suits filed pursuant to 42 U.S.C. § 1983. *See* Ala. Code § 6–2–38(l) (1975); *Lufkin v. McCallum*, 956 F.2d 1104 (11th Cir. 1992); *Jones v. Preuit & Mauldin*, 876 F.2d 1480 (11th Cir. 1989).

Plaintiff initiated this action on January 23, 2023. Thus, any complaint made by Plaintiff pursuant to section 1983 and occurring before January 23, 2021, is barred by the two-year limitation period applicable to 42 U.S.C. § 1983 suits and is due to be dismissed.

**II. PLAINTIFF'S ALABAMA STATE LAW MEDICAL NEGLIGENCE CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

A portion of Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff's Complaint complains of actions from January 19, 2021, to January 25, 2021.

Alabama Code section 6-2-38 sets a two-year deadline for filing a civil lawsuit for "injury to the person" based on another party's negligence. This includes medical malpractice. *See Alabama Code* § 6-2-38 (1975).

Plaintiff initiated this action on January 23, 2023. Thus, any complaint made by Plaintiff of medical malpractice pursuant to Alabama law occurring before January 23, 2021, is barred by the two-year limitation period applicable to 42 U.S.C. § 1983 suits and is due to be dismissed.

**III. FICTITIOUS DEFENDANTS ARE DUE TO BE DISMISSED.**

Plaintiff names multiple fictitious parties as Defendants. However, all fictitious parties are due to be dismissed as Plaintiff fails to meet the pleading requirements to include fictitious parties. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); see also *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) ("Our case law generally forbids fictitious-party pleading—that is, claims against fictitious or non-existent parties are usually dismissed."). There is "a limited exception to this rule" where "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.' " *Richardson,* 598 F.3d at 738 (quoting *Dean v. Barber,* 951 F.2d 1210, 1215–16 (11th Cir. 1992)). Plaintiff's identifying of multiple "Nurse Does" and multiple "Corrections Officer Does" fails to meet the standard for specificity required by the Eleventh Circuit. *See*

3

*Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020); *Daniel v. Howell*, 2020 WL 7029152, at *2 (M.D. Ala. Nov. 30, 2020). Thus, all fictitious parties named by Plaintiff are due to be dismissed.

## CONCLUSION

For the aforementioned reasons, Defendants move for partial dismissal of Plaintiff's claims.

Respectfully submitted this 21st day of February 2023.

                                              **s/C. Richard Hill, Jr.**
                                              C. RICHARD HILL, JR. (HIL045)

                                              **s/Ashley H. Freeman**
                                              ASHLEY H. FREEMAN (FRE 044)

OF COUNSEL:
Capell & Howard, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8043
Facsimile:  (334) 241-8243
Email:  rick.hill@chlaw.com
         ashley.freeman@chlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 21st day of February 2023, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send a notification of such filing to the foregoing:

Henry F. Sherrod, III
119 S. Court Street
Florence, AL 35630
hank@alcivilrights.com

                **s/ C. Richard Hill, Jr.**
                Of Counsel