**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| RAY COX, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:23-cv-00057-SMD |
| ) | |
| JASON SMOAK, et al. ) | |
| ) | |
|     Defendants. ) | |

**REPORT OF THE PARTIES' RULE 26(F) PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Order, the parties conferred and submit this Report of the conference. The following attorneys of record participated in the conference and in drafting this Report on behalf of the parties:

    Hank F. Sherrod, III — Attorney for Plaintiff
    C. Richard Hill, Jr., — Attorneys for Defendants Jason Smoak, Catrina Burkhalter-Murry, Mindy Van Arckern, Evelyn McGee, Connie Hinson, Rhonda Rexroate, James Brazier, and Kelita Moore.

The parties do not request a conference with the Court before entry of the Scheduling Order.

1. **Brief Description of the Nature and Complexity of the Case**

Plaintiff Ray Cox, as personal representative of the estate of James Hinson, brings this action for alleged violations of Hinson's right to medical care while incarcerated as a pretrial detainee at the Houston County Jail resulting in Hinson's death. Specifically, Plaintiff brings a § 1983 claim for deliberate indifference to Hinson's medical needs in violation of Hinson's Fourteenth Amendment constitutional rights against all defendants. Plaintiff also brings a medical negligence claim under Alabama state law against Defendants Smoak, Choquette, Burkhalter-Murry, Van Ackern, McGee, Hinson, Rexroat, and fictitious defendants 1-5.

Plaintiff alleges that Hinson was booked into the Houston County Jail on January 19, 2021 and that he began exhibiting symptoms of a perforated ulcer two days later on January 21, 2021. Plaintiff further alleges that the defendants either observed or were aware of the severe symptoms exhibited by Hinson between January 21, 2021, and January 25, 2021. Plaintiff alleges that the defendants were deliberately indifferent to Hinson's symptoms when they failed to treat Hinson's symptoms or otherwise provide him with medical care. Plaintiff further alleges that Hinson died in the early morning hours of January 25, 2021, as a result of the defendants' alleged deliberate indifference.

Defendants Smoak, Burkhalter-Murry, Van Arckern, McGee, Hinson, Rexroate, Brazier, and Moore deny they were deliberately indifferent or negligent. These defendants also intend on asserting the defense of qualified immunity.

2. **Amendment of the Pleadings and Joining Additional Parties**

The Parties request the Court to set the deadline for amending Plaintiff's pleadings and joining additional parties as December 18, 2023. The Parties request the Court set the deadline for amending Defendants' pleadings and joining additional parties as January 18, 2024.

3. **Discovery Plan**

   a. The Parties propose to the Court the following discovery plan. Discovery will be sought on the following subjects: All allegations and remaining claims in Plaintiff's Complaint and all defenses pled in Defendants' Answers.

   b. In the event that either party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality for purposes of this or any other proceeding if, within a reasonable amount of time after the Discloser notifies the other party (the "Recipient") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality. If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient must return the specified material or documents and any copies within ten (10) days of the notification. The Recipient must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

   c. In the event that the Recipient contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient may, following the return and destruction described herein, challenge the privilege claim through a Motion to Compel or other pleading with the Court. The parties agree that any review of items by the Judge shall be an in-camera review. Should the Recipient not challenge the Discloser's claim of privilege or confidentiality, or should the Court determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in this or any other proceeding (whether arbitration or state or federal court). Nothing contained within this

        Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

d. Initial Disclosures. The parties will exchange by September 2, 2023, the information required by Fed. R. Civ. P. 26(a)(1).

e. There will be a maximum of twenty-five (25) Interrogatories allowed by each Party to each other Party. Responses are due thirty (30) days from the date of the requests.

f. There will be a maximum of thirty (45) Requests for Production of Documents allowed by each Party to each other Party. Responses are due thirty (30) days from the date of the requests.

g. There will be a maximum of twenty (50) Requests for Admission allowed by each Party to each other Party. Responses are due thirty (30) days from the date of the requests.

h. In addition to depositions of all Parties, there will be a maximum of ten (20) additional non-expert depositions by each Party. Depositions will be limited to a maximum of seven (7) hours for non-Parties, Parties, and experts. These limitations can be extended by the Court on motion of any Party for good cause shown or by agreement of the Parties.

i. Reports from retained experts under Rule 26(a)(2) due: from plaintiff(s) by February 18, 2024, and from Defendants by March 18, 2024.

j. Supplementation shall be done pursuant to Federal Rules of Civil Procedure 26(e) but in no event later than April 18, 2024.

k. All discovery will be commenced in time to be completed by May 18, 2024.

**4.    Dispositive Motions**

All potentially dispositive Motions should be filed by June 18, 2024.

**5.    Potential of Interest in ADR**

     The parties agree to attempt a good faith settlement of any or all claims or claims through mediation prior to commencing discovery. If, however, settlement is not reached prior to discovery of any and all claims, settlement will again be reevaluated by the parties at the end of discovery period, and the parties will make a good faith effort to mediate this case prior to the pre-trial conference. The Parties may notify the Court at any time until forty (40) days before trial if mediation or another form of ADR is desired.

6. **Other Items**

    a. Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists will be October 18, 2024.

    b. Objections to Rule 26(a)(3) filings shall be made by not later than November 1, 2024.

    c. Reply to Objections to Rule 26(a)(3) filings shall be made by not later than November 15, 2024.

    d. Voir Dire, Motions in Limine filings shall be made by not later than December 1, 2024.

    e. Objections and Responses to Voir Dire and Motions in Limine filings shall be made by not later than December 8, 2024.

    f. Trial. The Parties request the first Dothan 2025 trial date.

    g. The participating Parties request a pretrial conference be set in December 2024.

    h. This jury action will be ready for trial by December 2024 and is expected to take approximately four (4) days. The previously identified deadlines and dates contained herein are based upon the assumption of a trial occurring in early 2025.

7. **Additional Agreements**

    a. The Parties request the entry of the Court's standard HIPAA protective order at this time but agree that any party may request that this order be amended or supplemented at any time.

*C. Richard Hill has the express consent of all other counsel to affix their electronic signatures to this document so that it may be jointly filed.*

Respectfully submitted this on the 16th day of August 2023.

                                                      /s/C. Richard Hill, Jr.
                                                      C. RICHARD HILL, JR. (HIL045)
                                                      ASHLEY H. FREEMAN (FRE044)
                                                      *Attorneys for Defendants*

CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069

Montgomery, AL  36102-2069
Telephone:	334-241-8043
Facsimile:	334-241-8243
Email: rick.hill@chlaw.com
	ashley.freeman@chlaw.com

/s/  Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
*Attorney for Plaintiff*

Henry F. (Hank) Sherrod III
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, AL  35630
hank@alcivilrights.com

5