**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **RAY COX,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO. 1:23-cv-00057-SMD** |
| | ) |
| **JASON SMOAK, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## <u>ANSWER</u>

COME NOW Defendants Jason Smoak, Catrina Burkhalter-Murry, Mindy Van Arckern, Evelyn McGee, Connie Hinson, Rhonda Rexroate, James Brazier, and Kelita Moore, (collectively, "Defendants") and submit this Answer to Plaintiff Ray Cox's ("Plaintiff") Complaint (Doc. 1).

### Introduction

1. Defendants deny the factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

### Parties

2. Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

3. Defendants admit the material factual allegations of this paragraph.

4. Defendants admit co-defendant Mark Choquette is an individual but deny that he was "employed" by the Houston County, Alabama Sheriff.

5. Defendants admit the material factual allegations of this paragraph.

6. Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

7.      Defendants admit the material factual allegations of this paragraph.

8.      Defendants admit the material factual allegations of this paragraph.

9.      Defendants admit the material factual allegations of this paragraph.

10.     Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

11.     Defendants admit the material factual allegations of this paragraph.

**Facts**

12.     Defendants admit the material factual allegations of this paragraph.

13.     Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

14.     Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

15.     Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

16.     Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

17.     Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

18.     Defendants deny that these Defendants observed, reported, or received reports of the alleged signs and symptoms. Defendants are without sufficient knowledge and information to either admit or deny the remaining factual allegations contained in this paragraph of the Complaint.

2

19.     Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

20.     Defendants deny the factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

21.     Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

22.     Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

23.     Defendants deny the factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

24.     Defendants deny the factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

25.     Defendants are without sufficient knowledge or information to either admit or deny the decedent's time of death, but deny the remaining factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

26.     Defendants deny the factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

27.     Defendants deny the factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

### Count I - § 1983 – Fourteenth Amendment –
### Deliberate Indifference to Serious Medical Needs – All Defendants

28.     Defendants deny the factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

29.    Defendants deny the factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

## Count II – Medical Negligence –
## Smoak, Choquette, and the LPN Defendants

30.    Defendants deny the factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

31.    Defendants deny the factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

32.    Defendants deny the factual allegations contained in this paragraph of the Complaint and demand strict proof thereof.

## Other Matters

33.    Defendants are without sufficient knowledge and information to either admit or deny the factual allegations contained in this paragraph of the Complaint.

## Relief Sought

34.    Defendants deny that Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and additional defenses to Plaintiff's Complaint, but they do not assume the burden of proof of any such defenses, except as required by law with respect to a particular defense asserted.

## FIRST DEFENSE

The Plaintiff's Complaint, and its component parts, separately and severally, fail to state a cause of action under any Amendments to the United States Constitution or under 42 U.S.C. § 1983.

### SECOND DEFENSE

The Plaintiff's claims are due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff is not entitled to any relief or damages requested in the Complaint and under 42 U.S.C. § 1983.

### FOURTH DEFENSE

Plaintiff is not entitled to punitive damages against Defendant.

### FIFTH DEFENSE

In their official capacity, Defendants are entitled to Eleventh Amendment immunity from the Plaintiff's claims for any money damages.

### SIXTH DEFENSE

In their individual capacity, Defendants are entitled to qualified immunity from the Plaintiff's claims.

### SEVENTH DEFENSE

Defendants assert all privileges and additional doctrines of immunities provided to Defendants as a state official, employee, and/or actor including, but not limited to sovereign immunity, absolute immunity, good faith immunity, discretionary function immunity, state action immunity, legislative immunity, judicial immunity, quasi-judicial immunity, substantive immunity, and statutory immunity.

### EIGHTH DEFENSE

To the extent the Plaintiff alleges that he has suffered damage, any such damages were not a direct or proximate cause of any action by Defendant.

### NINTH DEFENSE

To the extent Plaintiff has not complied with all requirements under Alabama and/or Federal law necessary as a condition precedent to the maintenance of this lawsuit, Plaintiff's claims should be dismissed.

### TENTH DEFENSE

To the extent Plaintiff may have failed to exhaust administrative remedies prior to bringing this action, Plaintiff's claims should be dismissed.

### ELEVENTH DEFENSE

Subjecting Defendants to punitive damages in this case or affirming an award of punitive damages would violate the *United States Constitution*, as well as the *Constitution of Alabama*. Furthermore, Defendants adopt all defenses made available under the decision rendered by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 809 (1996), and its progeny.

### TWELFTH DEFENSE

To the extent Plaintiff is claiming punitive damages against Defendant, Defendants states as follows:

The award of punitive damages as claimed by Plaintiff violates Article I and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments of the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901 on the following separate and several grounds:

a.      The civil procedures pursuant to which punitive damages are awarded may wrongfully result in a punishment by a punitive damages award after the fact.

b.      The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

c.      The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

d.      The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Facility Defendants.

e.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

f.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

g.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

h.      The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

i.      The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

j.      The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

k.      The standards of conduct upon which punitive damages are awarded are vague.

l.      The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

m.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof that is not heightened in relation to the standard of proof for ordinary civil cases.

n.      The civil procedures pursuant to which punitive damages are awarded permit the imposition or arbitrary, capricious, or oppressive penalties.

o.      The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because the Defendants did not act with exhibited deliberate indifference.

## FOURTEENTH DEFENSE

The Defendants have acted in good faith and in compliance with the United States Constitution at all times.

## FIFTEENTH DEFENSE

To the extent that Plaintiff's alleged damages, if any, were the result of Plaintiff's own failure to take advantage of preventative or corrective opportunities, Plaintiff's claims should be dismissed.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because Defendants did not breach any duty allegedly owed to Plaintiff.

### SEVENTEENTH DEFENSE

Plaintiff is unable to establish any causal connection, legal or proximate, between any action or inaction of the Defendants and any purported injury or damages alleged in Plaintiff's Complaint or for which relief is sought.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted."  42 U.S.C. § 1997e(c)(1) (2005).

### NINETEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

### TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because the apparent equitable relief sought is not sufficiently narrowly drawn.  18 U.S.C. § 3626(a)(1)(A) (2005).

### TWENTY-THIRD DEFENSE

To the extent Plaintiff seeks to recover attorneys' fees, the Defendants object to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by court order.

### TWENTY-FOURTH DEFENSE

Plaintiff is unable to establish that Defendant's actions, omissions, policies, or customs caused any of Plaintiff's purported damages and/or injuries alleged in Plaintiff's Complaint or for which relief is sought.

### TWENTY-FIFTH DEFENSE

Defendants did not authorize, condone, or ratify any alleged unconstitutional conduct, and any such conduct would have been contrary to the Defendant's policies.

### TWENTY-SIXTH DEFENSE

The Defendants reserve the right to supplement or amend this answer as additional information responsive to the allegations of the complaint or relevant to the defenses herein become known.

### TWENTY-SEVENTH DEFENSE

Defendants plead that Defendants' attorneys have not yet had an opportunity to complete a full investigation into all of the facts and legal issues involved in this case.  Defendants therefore hereby preserves and pleads the following defenses in this case, subject to withdrawal by amendment or by pretrial order and after all legal and factual discovery has been concluded: failure to join a party under Rule 19 of the *Federal Rules of Civil Procedure*, lack of jurisdiction over the subject matter or person or matter, assumption of risk, contributory negligence, estoppel, illegality, laches, res judicata, statute of limitations, waiver, superseding and/or intervening efficient cause, lack of causal relation, lack of notice, failure to mitigate damages, subsequent negligence, sudden emergency, subsequent contributory negligence, lack of duty owed, unqualified or qualified immunity, mechanical failure, and failure to state a legal claim.

Respectfully submitted this on the 17th day of August 2023.

/s/C. Richard Hill, Jr.
C. RICHARD HILL, JR. (HIL045)
ASHLEY H. FREEMAN (FRE044)
*Attorneys for Defendants*

CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL  36102-2069
Telephone:      334-241-8043
Facsimile:       334-241-8243
Email: rick.hill@chlaw.com
        ashley.freeman@chlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of August 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice to the following counsel of record:

Henry F. (Hank) Sherrod III
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, AL  35630
hank@alcivilrights.com

Preston Young Register
Unity Law, LLC
256 Honeysuckle Road, Suite 15
Dothan, AL 36305
pres@hdrlegal.com

/s/C. Richard Hill, Jr.
OF COUNSEL