IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAY COX, as the personal representative of the estate of James Hinson, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JASON SMOAK, MARK CHOQUETTE, CATRINA BURKHALTER-MURRY, MINDY VAN ACKERN, EVELYN MCGEE, CONNIE HINSON, RHONDA REXROAT, NURSE DOE 1-5, JAMES BRAZIER, KELITA MOORE, and CORRECTION OFFICER DOE 1-10, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | CASE ACTION NO.:<br>1:23-CV-00057-ECM |

### DR. CHOQUETTE'S ANSWER TO PLAINTIFF'S COMPLAINT

Dr. Choquette responds to the Plaintiff's Complaint (Doc. 1) and asserts the following affirmative defenses:

### COMPLAINT

### Introduction

1. This is an action alleging violations by defendants of the constitutional right of James Hinson to basic medical care while he was incarcerated

in the Houston County Jail as a pretrial detainee, resulting in Hinson's death.

RESPONSE:     Denied.

## Parties

2.    Ray Cox is an individual. He currently resides in Houston County, Alabama, and is the duly-appointed representative of the estate of James Hinson. Mr. Cox is also the brother of Hinson's widow.

RESPONSE:     The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint.  If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

3.    Defendant Jason Smoak is an individual. By training and license he is a physician assistant. At all relevant times, he was employed by the Houston County, Alabama Sheriff to manage medical care at the Houston County Jail.

RESPONSE:     The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint.  If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

4.    Defendant Mark Choquette is an individual. At all relevant times, he was employed by the Houston County, Alabama Sheriff as the physician for the Houston County Jail.

RESPONSE: Admitted.

5. Defendants Catrina Burkhalter-Murry, Mindy Van Ackern, Evelyn Mcgee, Connie Hinson, and Rhonda Rexroat are individuals. At all relevant times, they were employed by the Houston County, Alabama Sheriff as LPNs at the Houston County Jail.

RESPONSE: The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

6. Nurse Doe 1-5 are individuals. At all relevant times, they were employed by the Houston County, Alabama Sheriff at the Houston County Jail; worked one or more shifts in the January 21-25, 2021 time period as LPNs; and directly or indirectly became aware of Hinson's need for evaluation and treatment in a hospital.

RESPONSE: This paragraph of the Complaint requires no response from the Defendant. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

7. Collectively, the nurse defendants (named and described) are referred to as the LPN defendants.

RESPONSE: This paragraph of the Complaint requires no response from the

Defendant. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

8. James Brazier is an individual. At all relevant times, he was employed by the Houston County, Alabama Sheriff as the jail administrator or commander.

RESPONSE: The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

9. Kelita Moore is an individual. At all relevant times, she was employed by the Houston County, Alabama Sheriff as the assistant jail administrator or commander.

RESPONSE: The Defendant has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

10. Correction Officer Doe 1-10 are individuals. At all relevant times, they were employed by the Houston County, Alabama Sheriff at the Houston County Jail; worked one or more shifts in the January 21-25, 2021 time period as corrections officers (including supervisory positions such as sergeant or lieutenant); and directly

or indirectly became aware of Hinson's need for evaluation and treatment in a hospital.

RESPONSE:   This paragraph of the Complaint requires no response from the Defendant. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

11.   All individual defendants are sued in their individual capacity.

RESPONSE:   Denied.

## Facts

12.   James Hinson was arrested on January 19, 2021, and placed in the Houston County Jail.

RESPONSE:   Admitted.

13.   Beginning shortly after his arrest, Hinson began experiencing obvious signs and symptoms, severe signs and symptoms, associated with a perforated ulcer.

RESPONSE:   Denied.

14.   A perforated ulcer requires treatment in a hospital. It is commonly treated by emergency surgery. If left untreated, it leads to death.

RESPONSE:   Admitted.

15.   Hinson had constant severe abdominal pain; nausea and chills; repeated vomiting, including the vomiting of bile and blood; a rapid heart rate; a fever; and rapid breathing.

RESPONSE:      Denied.

16. These signs and symptoms began on or about January 21, 2021.

RESPONSE:      Denied.

17. It was obvious to all who interacted with Hinson during the January 21-25, 2021 time period that he was extremely ill and needed evaluation and treatment in a hospital.

RESPONSE:      Denied.

18. These signs and symptoms were observed by and/or reported to the medical staff, including Smoak, Choquette, and the LPN defendants.

RESPONSE:      Denied.

19. It would have been obvious, even to a layperson, that these signs and symptoms required evaluation and treatment in a hospital.

RESPONSE:      Denied.

20. Acting with deliberate indifference and contrary to the standard of care, Smoak, Choquette, and the LPN defendants did not send Hinson to the hospital for evaluation and treatment.

RESPONSE:      Denied.

21. These signs and symptoms and the failure and refusal of jail medical personnel to send Hinson to the hospital for evaluation and treatment were observed by and/or reported to Correction Officer Doe 1-10.

RESPONSE: Dr. Choquette has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. He denies this paragraph of the Complaint to the extent it implies the Plaintiff exhibited signs and symptoms requiring a hospital evaluation. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

22. Correction Officer Doe 1-10 recognized that Hinson needed evaluation and treatment in a hospital, as any layperson would have, but failed and refused to act.

RESPONSE: This paragraph of the Complaint requires no response from the Defendant. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

23. Defendants Brazier and Moore, the jail's administrators, were made aware of Hinson's signs and symptoms as a result of reports and/or documentation prepared by corrections officers.

RESPONSE: Dr. Choquette has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. He denies this paragraph of the Complaint to the extent it implies the Plaintiff exhibited signs and symptoms requiring a hospital evaluation. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

24. Defendants Brazier and Moore recognized that Hinson needed evaluation and treatment in a hospital, as any layperson would have, but failed and

refused to act.

RESPONSE: Dr. Choquette has insufficient information to form a belief as to the truth or accuracy of the allegations in this paragraph of the Complaint. He denies this paragraph of the Complaint to the extent it implies the Plaintiff exhibited signs and symptoms requiring a hospital evaluation. If this response is deemed inadequate, the Defendant denies this paragraph of the Complaint.

25. As a result of the failure and refusal of defendants to get Hinson to a hospital for evaluation and treatment, Hinson died in the early morning hours of January 25, 2021.

RESPONSE: Denied.

26. All defendants acted with intent to violate plaintiff's constitutional rights or with reckless disregard for those rights, justifying punitive damages against the individual defendants.

RESPONSE: Denied.

27. As a result of the conduct of defendants, Hinson died.

RESPONSE: Denied.

**Count I - § 1983 - Fourteenth Amendment -
Deliberate Indifference to Serious Medical Needs - All
Defendants**

28. As explained above, on January 21-25, 2021, Smoak, Choquette, the LPN defendants, Brazier, Moore, and Correction Officer Doe 1-10 were deliberately

indifferent to Hinson's serious medical needs.

RESPONSE:     Denied.

29.    As a result of the conduct of defendants, Hinson died.

RESPONSE:     Denied.

## Count II - Medical Negligence - Smoak, Choquette, and the LPN Defendants

30.    As explained above, on January 21-25, 2021, Smoak, Choquette, and the LPN defendants failed to meet the standard of care for similarly situated healthcare providers regarding Hinson's care and condition, including failing to properly assess and treat Hinson's condition and failing to promptly send Hinson to the hospital for evaluation and treatment.

RESPONSE:     Denied.

31.    Each of these failures directly led to Hinson's death.

RESPONSE:     Denied.

32.    A reasonably prudent healthcare provider, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts and patterns of negligence on the part of these defendants, operating separately or in combination with other defendants jointly and cumulatively, proximately contributed to cause Hinson's death.

RESPONSE:     Denied.

## Other Matters

33. All conditions precedent to the bringing of this suit have occurred.

RESPONSE: Denied.

## Relief Sought

34. As relief, plaintiff seeks the following:

    a. That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

    b. That plaintiff be awarded against all defendants sued in their individual capacities such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover;

    c. That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

    d. That plaintiff be awarded the costs of this action, her reasonable attorney's fees, and her reasonable expert witness fees;

    e. Appropriate declaratory and injunctive relief; and

    f. That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

RESPONSE: Denied, including all sub-parts.

**AND NOW**, having fully answered the allegations contained in the Complaint and having denied any liability, damages, and the right to any recovery in this matter,

the Defendant asserts the following defenses. The term "Plaintiff" used in these Affirmative Defenses refers broadly to all Plaintiffs named in the lawsuit, minors on whose behalf the lawsuit was filed, the personal representative of the Estate of a person whose death gave rise to the lawsuit, and the person whose death gave rise to the lawsuit. The term "Defendant" used in these Affirmative Defenses refers broadly to all of the parties on whose behalf this pleading is filed.

1. The Defendant denies each and every material allegation of the Complaint not heretofore controverted.

2. The Defendant did not owe a legal duty.

3. The Defendant did not breach a legal duty.

4. The Defendant did not violate any statutes, rules and/or regulations of this State or the United States of America.

5. The Defendant asserts all applicable affirmative defenses under Rule 12(b).

6. The Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

7. The Defendant asserts as if fully set out herein all affirmative defenses listed in Rule 8 of the Rules of Civil Procedure.

8. This Court lacks subject matter jurisdiction and personal jurisdiction.

9. Venue is improper.

10. The applicable statutes of limitations bar the claims asserted in the Complaint.

11. The Plaintiffs lack standing to assert the claims purportedly asserted.

12. Federal laws and/or the laws of foreign state or jurisdiction apply to the Complaint.

13. The Complaint is so indefinite that an adequate defense or response cannot be made.

14. The statutory, contractual, and/or administrative conditions precedent to filing this action have not been met.

15. Compensatory, consequential, or punitive damages, or any other damages or relief are not recoverable in this case.

16. Attorney's fees are not recoverable.

17. The Plaintiff's alleged injuries and/or damages occurred as a result of pre-existing medical conditions, causes and/or injuries completely unrelated to any act of omission or commission plead in the complaint.  The existence of these pre-existing medical conditions, causes, or injuries are plead as a bar to, or in mitigation of, any recovery.

18. The Plaintiff's alleged injuries and/or damages were proximately or solely caused by the actions and/or omissions of someone other than Defendant and

over whom Defendant possesses no right of supervision or control and for whose acts Defendant is not legally responsible.

19. The Plaintiff's alleged injuries and damages were the result of an unavoidable accident or occurrence.

20. The Plaintiff's alleged injuries and/or damages were proximately caused by an "efficient intervening cause."

21. The provisions, separately and severally, of the Medical Liability Act of 1987 and the Medical Liability Act of 1996, and specifically pleads in defense to this action and asserts the applicability of the provisions of Section 6-5-542 through Section 6-5-552 of the 1975 Code of Alabama (as amended, 1987 and 1996) are asserted.

22. The Plaintiff's Complaint, fails to comply with the Alabama Medical Liability Act.

23. The Alabama Medical Liability Act bars the claims asserted.

24. Medical care and treatment was provided with the same reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case.

25. The standard of care was not breached and any breach of the standard of care did not cause or contribute to cause injuries or damages alleged.

26. While denying any entitlement to relief, the provisions of Section 6-5-543 and Section 6-5-544 are asserted, and notice is being given that any recovery can only be had in accordance and subject to the provisions of Section 6-5-543 and Section 6-5-544 of the 1975 Code of Alabama (as amended, 1987).

27. Section 6-5-545 of the 1975 Code of Alabama (as amended, 1987 and 1996) is plead as an affirmative defense.

28. The sole proximate causes of decedent's injuries and/or death and damages are events, conditions, physiology, reactions and medical conditions which could not have been reasonably anticipated in the exercise of reasonable care applicable to his medical specialty, and as such, he can have no liability whatsoever for the complaint, as amended and causes of action asserted.

29. The Complaint, as amended fails to contain a detailed specification and factual description of the acts and omissions alleged to render any defendant liable as required by Ala. Code §6-5-551.

30. This action and all claims asserted are barred by the medical release and consent executed or given in connection with the medical treatment at issue.

31. The doctrine of informed consent and informed risk of outcome is pled.

32. The claims are barred by the doctrines of Eleventh Amendment immunity, absolute immunity, state agent immunity, substantive immunity,

discretionary function immunity, sovereign immunity, peace officer immunity, municipal immunities and qualified immunity.

33. Any violations of the United States Constitution are denied.

34. Any Fourth or Fourteenth Amendment violations are denied.

35. Any Fourteenth Amendment due process or equal protection violations are denied.

36. The claims of civil rights violations, if any, under 42 U.S.C. § 1983 are denied.

37. The claims are barred because Defendant did not act with deliberate indifference.

38. Defendant cannot be liable on the basis of vicarious liability.

39. No policy, custom, or practice, was enacted or carried out with deliberate indifference. No showing can be made to evidence that the awareness of a past history of constitutional violations resulting from the application of policies or customs. No policy, custom, or practice of Defendant caused the alleged injury in this action.

40. No policy or custom of providing inadequate medical care was in place.

41. The claims in the current cause of action are barred because compliance with the heightened specificity requirements of Rule 8 in § 1983 cases against persons sued in their individual capacities was not followed. *See Oladeinde v. City*

*of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Arnold v. Bd. of Educ. of Escambia County*, 880 F.2d 305, 309 (11th Cir. 1989).

42. The Defendant asserts the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment, intimidation, and requests this Court, pursuant to 42 U.S.C. § 1988 to afford the Defendant reasonable attorneys' fees and costs incurred in the defense of this action.

43. A Constitutional violation resulting from any denial of medical or mental health care is denied.

44. The Plaintiff failed to properly present claims pursuant to Alabama Code § 11-47-23 and Alabama Code § 11-47-192 and are barred.

45. The Defendant pleads immunity from liability.

46. The provisions of Alabama Code § 6-5-338 providing immunity to peace officers is asserted.

47. The Defendant is immune from punitive damages pursuant to Alabama Code § 6-11-26.

48. Damages caps apply to the claims in the Complaint.

49. The provisions of Alabama Code § 11-47-190 are pled as a defense to the Plaintiff's claims.

50. The provisions of Alabama Code § 11-93-2 are pled as a defense to the Plaintiff's claims.

51. The provisions of Alabama Code § 11-47-191 are pled as a defense to the Plaintiff's claims.

52. The claims are barred by the doctrines of Eleventh Amendment immunity, absolute immunity, state agent immunity, substantive immunity, discretionary function immunity, sovereign immunity, peace officer immunity, municipal immunities and qualified immunity.

53. The conduct alleged in the Complaint is insufficient for a recovery of punitive damages.

54. Claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

    a. the Commerce Clause of Article I, Section 8 of the United States Constitution;

    b. the Contracts Clause of Article I, Section 10 of the United States Constitution;

    c. the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;

    d. the Supremacy Clause of Article VI of the United States Constitution;

    e. the Free Speech Clause of the First Amendment of the United States Constitution;

    f. the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    g. the Takings Clause of the Fifth Amendment of the United States Constitution;

    h. the Right to Counsel of the Sixth Amendment of the United States Constitution;

    i. the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

    j. the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

    k. the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

    l. similar or corresponding provisions of the Constitution of this State.

  55. No act or omission alleged in the Complaint was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

  56. To the extent the Complaint seeks the imposition of punitive damages, the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), *State Farm Mutual Automobile*

*Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001) *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and similar cases from the Supreme Court of this State; *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007) are adopted by reference.

57. Because of the lack of clear standards, any imposition of punitive damages would be unconstitutionally vague and/or overbroad.

58. Claims for punitive damages are subject to the limitations and requirements of State law.

59. All defenses asserted by other defendants are adopted to the extent they are applicable to the claims purportedly asserted against the Defendant.

60. The right to assert any additional defenses, counterclaims, cross-claims and/or file third-party complaints that discovery would reveal to be available and/or necessary is hereby reserved.

61. The Defendant demands a trial by struck jury.

Respectfully submitted,

*s/ M. Jansen Voss*
M. Jansen Voss
(ASB-6815-E68V)(VOS001)
Margaret H. Clanton
(ASB-7956-U16Z)(CLA128)
*Attorneys for Dr. Mark Choquette*

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, Alabama 35203
T (205) 795-6588  F (205) 328-7234
mjvoss@csattorneys.com
mhclanton@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants, on this the 22nd day of September, 2023:

Henry F. Sherrod, III
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, AL 35630
hank@alcivilrights.com
*Attorneys for the Plaintiff*

Ashley Hawkins Freeman
Charles Richard Hill, Jr.
P.O. Box 2069
Montgomery, AL 36102
ashley.freeman@chlaw.com
rick.hill@chlaw.com
*Attorneys for Jason Smoak, Catrina Burkhalter-Murry, Mindy Van Ackern, Evelyn McGee, Connie Hinson, Rhonda Rexroat, James Brazier and Kelita Moore*

Preston Y. Register
Unity Law LLC
256 Honeysuckle Road, Suite 15
Dothan, AL 36305
pres@unity-law.com
*Attorney for Dr. Mark Choquette*

　　　　　　　　　　　　　　　　 */s/ M. Jansen Voss*
　　　　　　　　　　　　　　　　 **OF COUNSEL**

4045176.1